UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

NIGEL G. WORRALL  
MARION J. WORRALL,

CASE NO. 13-03516-KSJ  
CHAPTER 7

DEBTORS.
_____/

NIGEL G. WORRALL  
MARION J. WORRALL

                  Movants,

versus

TD BANK, N.A. and  
FIRST SOUTHERN BANK

                  Respondent._____/

### MOTION FOR CONTEMPT AND MOTION FOR TURNOVER PURSUANT TO THE PROVISIONS OF THE BANKRUPTCY CODE AND REQUEST FOR EMERGENCY HEARING

**COMES NOW** the above-named Debtors, by and through their attorney of record, and respectfully move the Court pursuant to Sections 105, 362 and 521 of Title 11 of the United States Code, Rules 9013 and 9020 of the Rules of Bankruptcy Procedure, for the entry of an order to enforce the automatic stay against the Respondent named herein and for turnover of property of the estate of the Debtors and for hearing and in support hereof respectfully shows unto the Court the following:

#### Jurisdiction

1. This contested case is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable federal law.

2. This Court has both personal and subject matter jurisdiction to hear this contested case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code, and pursuant to the Order entered by the Judges of the United States District Court for the Middle District of Florida on July 11, 1984 (the Referral Order), which Order was entered in accordance with the Bankruptcy Amendments and Federal Judgeship Act of 1984.

## The Base Case

3. The underlying Chapter 7 bankruptcy case was commenced by the filing of a voluntary petition with the Clerk of this Court on March 25, 2013.

4. An Order for Relief under the provisions of Chapter 7 of Title 11 of the United States Code was duly entered by this Court upon the filing of the petition.

5. The 341(a) meeting of creditors was held and concluded on July 9, 2013 in Orlando, Florida. A Discharge was entered on July 12, 2013 (Docket No.: 32).

6. On the master mailing matrix filed with the Clerk of this Court, the Debtor listed First Southern Bank a/k/a 1st Southern Bank ("FIRST") as a Schedule F Unsecured Creditor.

7. Nigel Worrall and Marion Worrall are the Movants and Debtors in the above referenced Chapter 7 bankruptcy case.

8. The Respondent, TD Bank, N.A., is a financial institution, authorized to conduct business by virtue of the laws of the State of Florida, and having a principal office address of 2633 E. Colonial Dr., Orlando, FL.

9. The Respondent, First Southern Bank ("FSB") is a financial institution authorized to conduct business by virtue of the laws of the State of Florida, and having a principal office address of 900 North Federal Highway, Boca Raton, FL 33432. The Respondent, First, is represented by Michael Nardella, Esq., Burr Forman, 200 South Orange Ave., Suite 800, Orlando, FL 32801.

9. This Court has jurisdiction over this proceeding pursuant to Sections 151, 157, and 1334 of Title 28 of the United States Code.

10. This is a core proceeding and the Movants consent to a dispositive order in this proceeding by the Bankruptcy Court.

11. Respondent FSB is aware of the bankruptcy filing and has filed pleadings in this case.

12. Movant/Debtors' accounts with TD Bank, N.A. have been seized as a result of a pre-petition Judgment entered in favor of Respondent FSB against the Movants/Debtors. Despite the automatic stay provisions and the discharge injunction, FSB has not released the Movants/Debtors accounts.

13. Pursuant to Section 542 of Title 11 of the United States Code, Respondents are required to turn over the property of the Debtors in this case, but the Respondents have failed to do

so.

14. Notwithstanding the foregoing, the Respondents, TD Bank, N.A. and FSB, have willfully and intentionally refused and failed to turn over the property to the Movants/Debtors as required by Sections 362(a)(3) and 542 of Title 11 of the United States Code.

15. The Respondents, TD Bank, N.A. and FSB, were duly and properly served notice of the Chapter 7 filing and the Discharge.

16. The Movants further aver that the actions of the Respondents, as described herein, are in violation of Section 362(a)(3) which prohibits any "act to exercise control over the property of the estate." The Movants believe that such action or inaction by the Respondents, MSF and BB&T, also constitutes civil contempt under the Order for relief duly entered upon the filing of this case.

17. The actions of the Respondents, TD Bank, N.A. and FSB, as alleged herein constitute conduct in violation of the provisions of Sections 542 and 543 of Title 11 of the United States Code.

18. The Respondents', TD Bank, N.A. and FSB, willful and intentional failure and refusal to turn over the subject property has placed an undue and unnecessary hardship upon the Movants/Debtors.

**WHEREFORE,** the Movants respectfully pray of the Court as follows:

A. That this Court order the Respondents, TD Bank, N.A. and FSB, to immediately turnover and/or release any and all holds, restrictions, garnishments or any of the like kind against any and all property and/or assets of the Movant/Debtors; pursuant to Section 542 and 543 of Title 11 of the United States Code;

B. That the Respondents, TD Bank, N.A. and FSB, be found in contempt for its willful violation of the Automatic Stay provisions set forth in 11 U.S.C. §362(a) and the Discharge Injunction set forth in 11 U.S.C. §11 U.S.C. §524(a)(2).

C. That the attorney for the Debtors be awarded legal fees in an amount to be determined by the Court based on his currently hourly rate of $295.00 plus expenses, said fee to be paid by the Respondents;

D. Awarding Movants sanctions against the Respondents, TD Bank, N.A. and FSB.

E. That this Court set this Motion to be heard; and

D. That the Movants have such other and further relief as to the Court may seem just and proper.

Respectfully submitted,

_____
Brian Michael Mark, Esq.
Florida Bar No.: 134207
Brian Michael Mark, PA
100 Church St.
Kissimmee, FL 34741
Tel.: 407-932-3933
Fax: 407-932-3965

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on 11-13-13 that a true and correct copy of the foregoing has been furnished via CM/ECF and/or first class mail to Dennis D. Kennedy, Chapter 7 Trustee, Michael Nardella, Esq., Burr Forman, 200 South Orange Ave., Suite 800, Orlando, FL 32801 and TD Bank, N.A., 1701 S. Semoran Blvd., Orlando, FL 32822.

_____
Brian Michael Mark, Esq.